**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CHARLES WILEY, | : | |
| Plaintiff, | : | Case No. 3:04CV447 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| WRIGHT STATE UNIVERSITY, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.    INTRODUCTION**

Plaintiff, Charles Wiley ("Plaintiff"), filed his Complaint against Wright State University and others alleging that he was wrongfully terminated. This matter is before the Court upon Motion of Defendant, Edward Baker ("Baker") to Dismiss Pursuant to Fed. R. Civ. P. 37 and 41 (Doc. # 25), Plaintiff's Reply (Doc. # 30), and Baker's Motion for Summary Judgment (Doc. # 32). Plaintiff has not responded to the Summary Judgment Motion.

**II.    BAKER'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Complaint alleges that he was wrongfully terminated from Wright State University. Defendant Baker has filed a Motion for Summary Judgment on the grounds that he was never an employee or agent of Wright State University, nor did he exercise (or have the power to exercise) any supervisory authority over Plaintiff related to hiring, firing, transferring, and/or granting or denying leaves of absences. (Doc. # 32 at 5). Baker's Motion was

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

accompanied by his sworn affidavit supporting his contentions. (Doc. # 32-3).

### III. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56

Faced with such a motion, the non-movant, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial. *Celotex,* 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." *Anderson,* 477 U.S. at 247-48 (emphasis added); see generally *Booker v. Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "the mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson, 477 U.S. at 252*; see also *Gregory v. Hunt,* 24 F.3d 781, 784 (6th Cir.1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. *Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 339-40 (6th Cir.1993); see also *Celotex,* 477 U.S. at 324; *Guarino,* 980 F.2d at 405.

## IV. BAKER IS ENTITLED TO SUMMARY JUDGMENT IN HIS FAVOR

In order to establish a claim against Baker for wrongful termination as discrimination under Title VII or the FMLA Plaintiff must prove that Baker exercised control over the decision to terminate him. *Wathen v. General Elec. Corp.,* 115 F.3d 400 (6th Cir. 1997); *Mize v. Mendoza Company*, Case No. 2:01cv629, 2005 U.S. Dist. LEXIS 28110 at *12 (November 16, 2005, S.D. Ohio). Since it is without dispute that Baker was neither an employee or agent of Wright State University he could not possibly have exercised control over the decision to terminate Plaintiff.

Plaintiff has failed to establish a genuine issue of material fact sufficient to withstand Defendant Baker's Motion for Summary Judgment.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant, Edward Baker's Motion for Summary Judgment (Doc. # 32) be GRANTED and Plaintiff's Complaint as against him be DISMISSED with prejudice;

2. Defendant, Edward Baker's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37 and 41 (Doc. # 25), be denied as moot.

February 21, 2006

                                                                                 s/ Sharon L. Ovington
                                                                                     Sharon L. Ovington
                                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).