**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CHARLES WILEY, | : | |
| Plaintiff, | : | |
| | : | Case No. 3:04CV447 |
| vs. | : | District Judge Walter Herbert Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| WRIGHT STATE UNIVERSITY, *et al.*, | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS[1] AND ORDER**

This case is before the Court upon Defendants Wright State University, Gwen Mattison, Vashire Drake, Teresa Woods, Galye Berry, Allan Boggs, Gary Bayes, Lester Puckett, Richard Thomas, John Bradford Justice, Bill Mills, and Kathi Hopkins' Motion To Dismiss Complaint Pursuant To Fed. R. Civ. P. 37 and 41 (Doc. #28), Plaintiff's Memorandum in Opposition (Doc. #30), and the record as a whole.

Defendants contend that Plaintiff's Complaint must be dismissed due to his failure to comply with Fed. R. Civ. P. 26 and the Court's scheduling Order.  This occurred, according to Defendants, when Plaintiff failed to sign off on the Rule 26(f) Report, failed to supplement his portion of the Rule 26(f) Report, failed to provide his initial disclosure required by Rule 26(a)(1), and failed to communicate his settlement demand by July 1, 2005 as required by the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Order of June 24, 2005.

> **I.     LEGAL STANDARD**

Fed. R. Civ. P. 41(b) authorizes the dismissal, with prejudice, of a cause of action as a sanction for plaintiffs' failure to prosecute actions or comply with court rules or orders. *Duffy v. Ford Motor Company*, 218 F. 3d 623, 630 (6th Cir. 1999). A Rule 41(b) dismissal "operates as an adjudication on the merits." *Id.* The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.,* 176 F. 3d 359, 363 (6th Cir. 1999), *reh'g and suggestion for reh'g en banc denied* (June 30, 1999). District courts are permitted substantial discretion in determining whether to dismissal is appropriate. *Knoll*, 176 F. 3d at 363; *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 366 (6th Cir. 1997), *cert. denied,* 522 U.S. 868 (1997). However, the Sixth Circuit has emphasized that dismissal is a "harsh" remedy reserved for "extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct." *Holt v. Pitts*, 619 F. 2d 558, 562 (6th Cir. 1980) (reversing order of dismissal in a § 1983 action); *see also Harris v. Callwood*, 844 F. 2d 1254, 1256 (6th Cir. 1988). "The sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 594 (6th Cir. 2001). The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:

> (1)     whether the party's failure was the result of willfulness, bad faith, or fault;
>
> (2)     whether the opposing party suffered prejudice due to the party's conduct;

      (3)      whether the dismissed party was warned that failure to cooperate could lead to dismissal; and,

      (4)      whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mulbah,* 261 F. 3d at 589.

Additionally, when a party fails to comply with a Rule 26(f) Order, Rule 37(b)(2) permits the Court to "to make such orders in regard to the failure as are just...." Rule 37(b)(2) provides many examples of the types of sanctions that may be imposed, including dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(A)-(E). If a party – without substantial justification – fails to disclose materials required by Rule 26(a) or Rule 26(e)(1), similar sanctions may be imposed, including dismissal of the action, unless the failure to disclose was harmless. *See* Fed. R. Civ. P. 37(c)(1).

**II.**    <u>**ANALYSIS**</u>

In the present case, it appears that Plaintiff failed to provide initial Rule 26(a) disclosures, failed to sign off on the Rule 26(f) Report, failed to supplement his portion of the Rule 26(f) Report, and failed to communicate a settlement demand. However, Defendants waited approximately six months after the Rule 26(a) disclosures were due, until the discovery period nearly ended, to alert the Court to Plaintiff's failure to disclose. Defendants do not indicate that they have suffered any prejudice. More significantly, Defendants do not indicate that Plaintiff failed to comply with their discovery requests or that he failed to attend his properly noticed deposition. In addition, the record indicates that Plaintiff filed a response to Defendants' Motion to Dismiss and his witness list. (Doc. #s 30, 31). Under all these circumstances, neither Rule 37(b)(2)(C), Rule 37(c)(1) or Rule 41(b) mandate the extreme sanction of dismissing Plaintiff's

Complaint with prejudice. Given the Sixth Circuit's reluctance to dismiss cases without first providing a warning to the plaintiff and considering alternative sanctions, dismissing Plaintiff's case would be inappropriate at this time.

Accordingly, Defendants' Motion To Dismiss (Doc. # 28) should be overruled.

### IT IS THEREFORE RECOMMENDED THAT:

Defendants' Motion To Dismiss Complaint Pursuant To Fed. R. Civ. P. 37 and 41 (Doc. #28) be OVERRULED.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall provide initial Rule 26(a) disclosures;

2. Plaintiff shall sign off on the Rule 26(f) Report;

3. Plaintiff shall supplement his portion of the Rule 26(f) Report;

4. Plaintiff shall communicate a settlement demand **on or before April 21, 2006**; and

5. Plaintiff is hereby notified that his failure to comply with the foregoing Order of the Court may result in the sanction of dismissal.

April 5, 2006

              s/ Sharon L. Ovington
               Sharon L. Ovington
             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).